**JIN YING ZHENG, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.**

**No. 05–3543–ag.**

United States Court of Appeals,
Second Circuit.

Oct. 25, 2007.

Dehai Zhang, Flushing, NY, for Petitioners.

Dunn Lampton, United States Attorney for the Southern District of Mississippi, Edwardo O. Pearson, Assistant United States Attorney, Jackson, MS, for Respondents.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales.

PRESENT: Hon. ROBERT D. SACK, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Ying Zheng, a citizen of the People's Republic of China, seeks review of an order by the BIA issued on June 16, 2005, affirming the June 9, 2003 decision of Immigration Judge ("IJ") Michael W. Straus, denying Zheng's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jin Ying Zheng,* No. A77 994 128 (B.I.A. June 16, 2005) *aff'g* No. A77 994 128 (Immig. Ct. Hartford, Connecticut, June 9, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA rejected the IJ's findings regarding Zheng's ability to relocate and the IJ's conclusion that Zheng failed to establish a well-founded fear of persecution, even if her testimony was deemed credible. Where the BIA thus affirms the IJ's decision, but rejects some of the IJ's reasoning, we review the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). The dispositive legal issue in Zheng's case is therefore the validity of the IJ's adverse credibility determination.

Here, Zheng's attorney does not acknowledge, let alone challenge, the IJ's adverse credibility determination.[2] We do not ordinarily consider issues not sufficiently argued in a petitioner's brief. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005). Addressing Zheng's credibility in the face of counsel's silence on the issue does not, however, appear to be necessary to avoid manifest injustice, because the IJ articulated in a nearly three-page subsection of his decision, entitled "CREDIBILITY," why he doubted Zheng's testimony, and we cannot conclude that he was compelled to find to the contrary. See 8 U.S.C. § 1252(b)(4)(B). Similarly, the cursory treatment of Zheng's withholding of removal and CAT claims in the one-sentence conclusion of her brief does not adequately raise those claims, which, in any event, appear to lack merit. *Yueqing Zhang v. Gonzales,* 426 F.3d at 541 n. 1.

Finally, we find that the Petitioner's brief is seriously deficient, noting that to "argue" that an asylum applicant is eligible for relief without addressing, or acknowledging, an adverse credibility determination violates Federal Rule of Appellate Procedure 28(a)(9), requiring an appellant's brief to address all issues and explain the reasons for its contentions. Counsel is warned that future failure to comply with the Federal Rules of Appellate Procedure may result in discipline.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DISMISSED as moot.

---

2. Petitioner's brief is seriously unprofessional in arguing that his client is eligible for relief without addressing or acknowledging an adverse credibility determination. See generally Fed. R.App. P. 28(a)(9) (requiring statement of standard of review and reasoning for all issues raised). Counsel is warned that future failure to comply with the Federal Rules of Appellate Procedure may result in discipline.